IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**MELBA VAZQUEZ-MCLEAR,**

**Plaintiff,**

**v.**

**STATE INSURANCE FUND, et al.,**

**Defendants.**

Civil No. 12-1927 (GAG)

**OPINION AND ORDER**

Melba Vazquez McLear ("Plaintiff") filed a complaint against the State Insurance Fund ("SIF") as well as individual defendants.[1] This action is brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of the First and Fourteenth Amendments to the United States Constitution. Plaintiff also brings state-law claims alleging violations of Puerto Rico Law No. 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146 *et seq.*; Article II of the Puerto Rico Constitution; and Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 and 1803"), P.R. LAWS ANN. tit. 31, §§ 5141-5142.

Co-defendants Rivera Rivera, Rivera Feliciano, Marrero, and Hernandez Roman (collectively "Defendants") moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against them. (Docket No. 29). Olga Fas Santiago ("Fas Santiago"), current Executive

---

[1] Zoime Alvarez Rubio ("Alvarez Rubio") in her personal and official capacity as SIF's Administrator, Saul Rivera Rivera ("Rivera Rivera") in his personal capacity, Angie Hernandez Roman ("Hernandez Roman") in her personal and official capacity as SIF's Human Resources Director, Excer Rivera Feliciano ("Rivera Feliciano") in his personal and official capacity as Ponce Region Executive Director for SIF, Darwin Marrero ("Marrero"), SIF's General Medical Director, in his personal capacity, Insurance Company ABC, John Roe and Jane Doe in their personal and official capacities.

**Civil No. 12-1927 (GAG)**                                  2

Director of the Ponce Region of SIF, and Juan Zamora ("Zamora"), current Human Resources Associate Director of SIF, joined the motion to dismiss (Docket No. 31) and filed a supplemental motion to dismiss (Docket No. 40). Plaintiff opposed the motions. (Docket No. 42). Fas Santiago and Zamora replied. (Docket No. 44).

After reviewing the pleadings and pertinent law, the court **GRANTS** Defendants' motions to dismiss at Docket Nos. 29, 31, and 40.

**I.    Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. See generally Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49 (D.P.R. 2013). *Prima facie* elements

**Civil No. 12-1927 (GAG)**                              3

"are part of the background against which a plausibility determination should be made." Id. at 54 (external citations omitted). "[T]he elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim." Id. (emphasis added).

## II.    Factual Background

In February 2008, Plaintiff began her temporary appointment as a contract doctor for SIF.[2] (Docket No. 1 ¶ 26.) Plaintiff states she was a supporter of the Popular Democratic Party ("PDP") at all relevant times. (Id. ¶ 27.) She alleges Defendants knew her political affiliation because she was an open PDP supporter and did not participate in Defendants' "fundraising schemes." (Id.) Later in 2008, after Defendants assumed power after the administration change, Plaintiff "successfully participated in a selection process for the career position of doctor at the SIF." (Id. ¶ 28.) Plaintiff was one of two candidates chosen for the position. (Id.) In early 2009, Defendants annulled the process. (Id.) Her immediate supervisor, Rosalia Santiago ("Santiago"), told her the decision to annul the appointment process was due to internal concerns. (Docket No. 1 ¶ 29.) Santiago told Plaintiff the position would open again in the future and that Plaintiff would be selected. (Id.) Plaintiff alleges the appointment process was annulled in order to appoint New Progressive Party ("NPP") affiliates. (Id. ¶ 28.)

In 2011, Defendants announced their intention to appoint permanent career doctors. (Id. ¶ 30.) The job duties of these positions encompassed the same functions Plaintiff would have performed had she been selected for the position in 2009. (Id. ¶ 30.) "In the first of those job announcements, plaintiff was selected and recommended (with another candidate) for the position."[3] (Id. ¶ 31.) Plaintiff alleges Defendants gave the position to an NPP affiliate. (Docket No. 1 ¶ 31.)

---

[2] In her complaint, Plaintiff also claims her temporary appointment began on April 1, 2008. (Docket No. 1 ¶ 2.) The court notes the inherent contradiction between these dates, but the discrepancy does not alter the outcome.

[3] At this point in the complaint, it is unclear whether Plaintiff is referring to the 2008 or 2011 job announcement.

**Civil No. 12-1927 (GAG)** 4

Santiago made efforts with Defendants to offer Plaintiff the position. (Id. ¶ 32.)

On December 7, 2011, Defendants notified Plaintiff that her temporary appointment would not be renewed after December 30, 2011. (Id. ¶ 2.) Her last temporary appointment extension was for the last semester of 2011 (July 1, 2011 to December 31, 2011). (Id. ¶ 33.) Plaintiff submitted job applications for other doctor positions at SIF, but "all were single handedly rejected because of a pretextual technicism." (Id. ¶ 34.) Plaintiff submitted the same application that she submitted to the first relevant job announcement, but the "Good Standing" certificate included with the application was outdated. (Id. ¶ 34.) The job openings were filled with NPP affiliates. (Docket No. 1 ¶ 34.)

Plaintiff claims the individual defendants "directly participated and intervened" in the following personnel transactions: (1) the decision to cancel the job announcement for which Plaintiff was selected in order to give the position to an NPP affiliate; (2) the decision to select NPP affiliates with lesser qualifications than Plaintiff; (3) the decision not to renew Plaintiff's temporary appointment; and (4) the decision to discard Plaintiff's applications for permanent doctor positions. (Id. ¶¶ 11, 14, 16, 18.)

Plaintiff further alleges Alvarez Rubio acted in concert with others under her charge to favor and protect NPP affiliated employees. (Id. ¶ 24.) Alvarez Rubio created vacancies by taking adverse employment actions against known PDP affiliated employees "under unreasonable pretexts and sham audits and reorganization exercises, in order to fill said positions with NPP sympathizers." (Id. ¶ 25.)

**III. Discussion**

    **A. Section 1983**

Defendants may be liable under Section 1983 only if: "a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011) (quoting Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 768 (1st

**Civil No. 12-1927 (GAG)**                                5

Cir. 2010)). "[E]ach defendant's role in the [challenged] decision must be sufficiently alleged to make him or her a plausible defendant." Id. The "[court] must determine whether, as to each defendant, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." Id. (quoting Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009)).

Plaintiff alleges that Defendants violated her rights when they: (1) canceled the job announcement for which Plaintiff was selected; (2) selected NPP affiliated candidates that had lesser qualifications than Plaintiff; (3) did not renew her temporary appointment; and (4) discarded Plaintiff's applications for permanent doctor positions. The complaint further indicates Defendants' positions at SIF, that they respond directly to SIF's Administrator, and that they are active supporters of the NPP. (Docket No. 1 ¶¶ 10, 12, 15, 17.) The complaint, however, fails to include allegations suggesting each defendant played any role in the alleged violations. Instead, it contains generic accusations concerning Defendants' collective conduct. Feliciano v. Rivera-Sanchez, 2012 WL 4471644, at *7 (D.P.R. Sept. 26, 2012) (dismissing Plaintiff's Section 1983 claims because complaint did not allege facts indicating each individual defendants' role) (citing Soto-Torres v. Fraticelli, 654 F.3d 153, 159 (1st Cir. 2011) (holding plaintiff's allegation that defendant "participated in or directed the constitutional violation . . ." was insufficient to survive motion to dismiss because it "provided no facts to support either that he participated in or directed" the alleged violations) (internal quotation marks omitted)). The court is left to guess each defendant's participation in the alleged adverse employment actions. Id. ("[T]hreadbare and speculative allegations are insufficient to bring a complaint within the realm of plausibility.") (citing Penalbert-Rosa, 631 F.3d 592, 595 (1st Cir. 2011) ("Specific information, even if not in the form of admissible evidence, would likely be enough at this stage; pure speculation is not.")). Thus, the complaint fails to include sufficient factual allegations as to each defendant's participation.

Accordingly, the court **GRANTS** Defendants' motion to dismiss Plaintiff's Section 1983 claims. The court **DISMISSES** Plaintiff's Section 1983 claims against Defendants.[4]

**Civil No. 12-1927 (GAG)** 6

### B. Leave to Amend

At the end of her opposition to Defendants' motion to dismiss, Plaintiff, in one sentence, indicates she has a right to amend the complaint should the court deem the facts insufficient. Following this statement, Plaintiff briefly details Federal Rule of Civil Procedure 15(a). Plaintiff indicates "a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." (Docket No. 42 at 18.)

Rule 15(a)(1)(B) states that a party may amend its pleading once as a matter of course twenty-one days after service of a motion under 12(b). Plaintiff failed to take advantage of the twenty-one day period to amend her complaint as a matter of course after each motion to dismiss was filed.

Alternatively, if Plaintiff is moving for leave to amend, she has failed to comply with the requirements to do so. A party may amend its pleading with the court's leave. FED. R. CIV. P. 15(a)(2). Reasons for denying a pre-judgment motion to amend include "undue delay, bad faith, futility and the absence of due diligence on the movant's part." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "Requests to amend should be made by separate motion and should attach the proposed amended complaint so that the Court is able to evaluate the nature of the proposed amendment and its sufficiency." Levitt v. Sonardyne, Inc., 2012 WL 5350037, at *2 (D. Me. Oct. 29, 2012) (citing Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006) (noting plaintiffs did not attempt to supplement bare request for leave to amend)); FED. R. CIV. P. 7(b)(1)(A) ("A request for a court order must be made by motion. The motion must be in writing unless made during a hearing or trial"). Here, Plaintiff only briefly describes Rule 15(a) at the end of her opposition to Defendants' motions to dismiss. The only language in Plaintiff's opposition suggesting a request to amend is the argument's title: "Right to Amend the Complaint Should the

---

[4] For the same reasons, the complaint lacks any facts upon which to establish a claim against John Roe and Jane Doe. The court also **DISMISSES**, *sua sponte*, Plaintiff's claims against them.

**Civil No. 12-1927 (GAG)**                         7

Court deem the facts insufficient." This alone, however, is an insufficient request to amend the complaint. In no way does Plaintiff meet the requirements to move for leave to amend. Plaintiff should have either exercised her right to amend the complaint within twenty-one days after each motion to dismiss was filed or properly moved for leave to amend the complaint.

### C.  Fas Santiago and Zamora

Fas Santiago and Zamora, who are not named in the complaint, filed a motion to dismiss claiming they currently hold the positions of Executive Director of the Ponce Region and Director of the Human Resources Office of the SIF. (Docket No. 40.) In its opposition, Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 25(d), Fas Santiago and Zamora are automatically entered into the complaint. The court need not discuss whether Rule 25(d) is applicable. Assuming *arguendo* that Fas Santiago and Zamora are parties to the complaint, there are no factual allegations against them rendering them plausible defendants. Accordingly, the court **GRANTS** Fas Santiago and Zamora's motion to dismiss.

### D.  Local Law Claims

Plaintiff's complaint also alleges claims arising under Law 100, Article II of the Puerto Rico Constitution, and Articles 1802 and 1803. For the same reasons the court dismissed Plaintiff's Section 1983 claims against Defendants, the court **GRANTS** Defendants' motions to dismiss Plaintiff's state claims against them. The court hereby **DISMISSES** Plaintiff's state law claims against Defendants.

### E.  Defendant Alvarez Rubio

Although Alvarez Rubio did not move to dismiss, the court concludes that dismissal of the claims against her is warranted for the same reasons that apply to the other defendants.[5]

---

[5] In addition, Rule 4 of the Federal Rules of Civil Procedure governs the service of process of complaint. Rule 4(m) of the Federal Rules of Civil Procedure governs the timing of service process. It provides in relevant part:

  If a defendant is not served within 120 days after the complaint is filed, the

**Civil No. 12-1927 (GAG)**                              8

**IV.      Conclusion**

For the reasons set forth above, the court **GRANTS** Defendants' motion to dismiss at Docket Nos. 29, 31, and 40.  Judgment shall be entered dismissing all claims against Defendants.

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of June, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

---

court–on motion or on its own after notice to the plaintiff–must dismiss the
action without prejudice against that defendant or order that service be made
within a specified time.  But if the plaintiff shows good cause for the failure,
the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The complaint was filed on November 12, 2012.  On November 28, 2012, summonses were issued as to defendants Alvarez Rubio, Hernandez Roman, Marrero Arroyo, Rivera Feliciano, and Rivera Rivera.  (Docket No. 11.)  The Clerk's Office docketed executed return services showing that Hernandez Roman, Marrero Arroyo, River Rivera, and Rivera Feliciano were served.  (Docket Nos. 17, 19, 20, 21.)  More than 120 days have passed since the filing of the complaint and there is no indication Alvarez Rubio was served.